**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALBERT L. PERRY,

Plaintiff,

Civil No. 2:26-CV-13797
HON. DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

v.

SMT EMPLOYEES, et. al.,

Defendant,
______________________________________/

**OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT WITHOUT PREJUDICE AND DENYING AS MOOT THE APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Albert L. Perry, ("Plaintiff"), incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is dismissed without prejudice, because the complaint as written fails to adequately state a claim for relief under 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

The Prison Litigation Reform Act of 1996 ("PLRA") requires a district court to *sua sponte* dismiss an *in forma pauperis* complaint brought by an inmate before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §

1915(e)(2)(B). The Court must also dismiss a complaint against government entities, officers, and employees that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court also has the authority to dismiss a case when a plaintiff fails to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b) (authorizing dismissal of a case for failure "to comply with [the Federal Rules of Civil Procedure] or a court order"); *see also Abbott v. Rechlin*, No. 2:23-CV-10962, 2024 WL 51023, *5 (E.D. Mich. Jan. 4, 2024) (adopting recommendation to dismiss the complaint for being "excessively long [and] incomprehensible in many parts" in violation of Rule 8).

A *pro se* civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This standard does not require detailed

factual allegations but does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations and footnote omitted).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II. COMPLAINT

Plaintiff alleges that the events giving rise to his complaint occurred at the Kalamazoo County Jail in Kalamazoo, Michigan, the Charles Egeler Reception and Guidance Center ("RGC") in Jackson, Michigan, the Parnall Correctional Facility ("SMT") in Jackson, Michigan, the Lakeland Correctional Facility in Coldwater, Michigan ("LCF"), and the Bellamy Creek Correctional Facility in Ionia, Michigan. ("IBC"). Plaintiff names 54 different defendants.

In his complaint, Plaintiff alleges in conclusory fashion that he has been subject to retaliation, torture, assault, Prison Rape Elimination Act (PREA) violations, abuses, obstruction of justice, corruption, medical denials, mail tampering, impeded investigations, forced mental health services, aberrant behaviors, and criminal acts of conspiracy. Plaintiff seeks monetary and injunctive relief.

## III. DISCUSSION

Plaintiff's case shall be dismissed, because Plaintiff failed to comply with the pleading requirements of Fed. R. Civ. P. 8. Fed. R. Civ. P. 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule seeks "to avoid technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp.*, 49 F. Supp. 2d 553, 563 (E.D. Mich.1999) (*quoting* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215). Similarly, Rule 8(e)(1) requires that "Each averment of a pleading shall be simple, concise, and direct."

Plaintiff's complaint is subject to dismissal for failing to comply with the dictates of Fed. R. Civ. P. 8 (a). *See Echols v. Voisine*, 506 F. Supp. 15, 17-19 (E.D. Mich. 1981), *aff'd*, 701 F.2d 176 (6th Cir. 1982)(Table); *See also Payne v. Secretary*

*of Treas*., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her.").

Plaintiff recently had a prior civil rights case involving similar allegations to this one dismissed by Judge Jonathan J.C. Grey of this district for failing to comply with the dictates of Rule 8(a). *Perry v. Gilchrist*, No. 2:26-CV-12796, 2026 WL 2881166 (E.D. Mich. Sept. 25, 2026)(Grey, J.). As in that case, Plaintiff in the current complaint "fails to present a clear and concise statement of factual and legal allegations of unconstitutional conduct against each of the [54] defendants. Simultaneously, he fails to allege sufficient facts to state claims upon which relief may be granted against most of the named defendants." *Id.*, at * 2.

A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)(same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). A complaint must allege that the defendants were personally

involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

Dismissal of the complaint as written is appropriate because the complaint contains broad conclusory allegations against the defendants without mentioning specific facts that address each of their personal involvements in the alleged constitutional violations. *See Vantrease v. Corrections Corp. of America*, 21 F. App'x 417, 418 (6th Cir. 2001).

The Court also notes that most of the allegations involve alleged constitutional violations occurring in the Kalamazoo County Jail or the Bellamy Creek and Lakeland Correctional Facilities, all of which are located in the United States District Court for the Western District of Michigan. When federal jurisdiction is not based solely upon diversity of citizenship, venue is proper in (1) the judicial district where any defendant resides, if all of the defendants reside in the same state, (2) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or (3) the judicial district where any defendant may be found, if there is no other district in which the action may be brought. *See Bunting ex rel. Gray v. Gray,* 2 F. App'x 443, 448 (6th Cir. 2001) (citing 28 U.S.C. § 1391(b)). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti,* 472 F.2d 789, 791 (6th Cir. 1972). Plaintiff has failed to advance an argument why venue for any claims arising out of these three facilities would be proper in this Court.

As Judge Grey noted in his opinion and order of dismissal:

> Federal courts routinely dismiss complaints that involve numerous defendants, claims, events, locations, or time frames because they are unwieldy to review and litigate. *E.g., Plymale v. Freeman*, 930 F.2d 919, 1991 WL 54882, *1 (6th Cir. Apr. 12, 1991) (affirming dismissal of rambling 119-page complaint)*; Solomon v. Washington, et al*., 2026 WL 1121929, *1–2 (E.D. Mich. Apr. 24, 2026) (dismissing prisoner's 336-page complaint, with additional pleadings totaling 751 pages, against 50 defendants concerning events at multiple locations); *Ryan v. Michigan*, No. 2:20-CV-12502, 2021 WL 5585930, *2-4 (E.D. Mich. Nov. 30, 2021) (dismissing prisoner's 350-page amended complaint against hundreds of prison officials at 12 prisons spanning a 12-year period for failure to comply with Rule 8(a) and failure to state a conspiracy claim); *Falconer v. United States Government*, No. 2:19-CV-10961, 2019 WL 1651314, *2 (E.D. Mich. Apr. 17, 2019) (dismissing 220-page complaint for failure to comply with Rule 8(a)); *Smith v. Smith*, No. 06-11738, 2006 WL 3511565, *4-6 (E.D. Mich. Dec. 5, 2006) (adopting recommendation to dismiss complaint for failure to comply with Rule 8(a)(2)).

*Perry v. Gilchrist*, 2026 WL 2881166, at * 2.

Plaintiff's complaint in this case is admittedly not as long as the 437-page pleading that he filed in Judge Grey's case. Nonetheless, the current complaint suffers from the same defects that his prior complaint had, namely, that the complaint "does not allow the Court to adequately ascertain: (1) the exact claims against each defendant; (2) whether venue is proper; (3) whether the claims are properly joined in one action; (4) whether the claims against each defendant are exhausted; (5)

whether some claims are duplicative, [1] and (6) which allegations, if any, state viable claims for relief." *Id.*, at * 3.

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED THAT** the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the application to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED AS MOOT**. No fees shall be assessed for this case.

Finally, the Court concludes that an appeal of this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed and will not be reopened.

s/Denise Page Hood
HON. DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: November 17, 2026

[1] Plaintiff has filed several other civil rights cases which make similar allegations and often involve many of the same defendants and prison facilities. *Perry v. Harrison, et. al.,* No. 2:26-cv-13310 (E.D. Mich.); *Perry v. Washington, et. al.,* No. 5:26-cv-12492 (E.D. Mich.); *Perry v. Athern, et. al.,* No. 5:26-cv-13082 (E.D. Mich.).